**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

In re: Vernell C. Moore ) Chapter 13 Case No. 08-11316-M
) Hon. Pat E. Morgenstern-Clarren
Debtor(s) )

### CHAPTER THIRTEEN TRUSTEE'S OBJECTION TO CONFIRMATION

Now comes CRAIG SHOPNECK, the duly appointed, qualified, and standing Chapter 13 Trustee ("the Trustee") herein, and objects to the confirmation of the proposed Chapter 13 Plan and hereby represents the following:

1. The Debtor(s) filed for bankruptcy relief on <u>February 28, 2008</u>.

2. The 341(a) Meeting of Creditors held on <u>April 9, 2008</u> was concluded and the confirmation hearing is scheduled for <u>May 13, 2008</u> at <u>8:30 AM</u>.

3. The Trustee objects to confirmation of the proposed plan on the following grounds:

☐ <u>ELIGIBILITY</u>: The Debtor(s) is/are not eligible to be a debtor(s) under Chapter 13 of title 11 because the Debtor(s) either lack(s) regular income or the Debtor(s) scheduled debt exceeds the allowed limit [11 U.S.C. § 109(e)].

☐ <u>PETITION – GOOD FAITH</u>: The Debtor(s) has/have failed to file the petition in good faith [11 U.S.C. § 1325 (7)]. Specifically, _____.

☐ <u>RECENT TAX RETURN</u>: The Debtor(s) has/have failed to supply the Trustee with a copy of the Federal income tax return required under applicable law for the most recent tax year ending immediately before the commencement of the case [11 U.S.C. § 521(e) and §1325(a)(1)].

☒ <u>FOUR YEARS TAX RETURNS</u>: The Debtor(s) has/have failed to file all applicable tax returns as required for tax periods ending during the four year period ending on the date of the filing; or to file an affidavit (or Trustee's Declaration of Compliance) declaring that the Debtor(s) has/have filed the appropriate returns or is/are not obligated to file tax returns [11 U.S.C. § 1308 and §1325(a)(9), cause for dismissal under 11 U.S.C. § 1307(e)].

☒ <u>DSO:</u> The Debtor(s) has/have failed to remain current with post-petition domestic support obligations; or to file an affidavit (or Trustee's Declaration of Compliance) that the Debtor(s) is/are current or does/do not owe post-petition domestic support obligations [11 U.S.C. § 1325 (a)(8)].
  ☐ The Declaration was filed, but must be updated no earlier than 30 days prior to the confirmation hearing.

☒ <u>PROSECUTION:</u> Without the following information and/or documents the Trustee cannot properly administer the case of the Debtor(s) [11 U.S.C. § 521 (a)(3)]:
  ☐ Recent pay advices for Debtor. Specifically, _____.

☐ Recent pay advices for non-filing spouse.
☐ Evidence of income from _____.
☐ Payment advices and/or other evidence of income to support all income shown in Part I of form 22C.
☐ Recent Federal income tax return for non-filing spouse.
☐ Title or lease agreement for each vehicle.
☐ Evidence of insurance for each vehicle.
☐ Affidavit from _____ for his/her contribution of _____ /month.
☐ Depository and investment account statements for the _____ months preceding the date of the bankruptcy petition.
☐ Completed business questionnaire with supporting financial information for each business owned by Debtor(s).
☐ Two years recent Federal income tax returns for each business owned by Debtor(s).
☒ Other: <u>Modify the plan, Article 5, to disclose whether the Debtor has or does not have a domestic support obligation</u>.
☒ Other: <u>Modify the plan Article 1. The Plan does not provide a post-confirmation plan payment</u>.
☐ Other: _____.
☐ Other: _____.
☐ Other: _____.

☐ NOTICING: The Debtor(s) has/have failed to file a certificate of service evidencing that creditors have been properly served with the:
☐ Chapter 13 Plan.
☐ Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines.

☐ PLAN: The plan offered by the Debtor(s) does not comply with Administrative Order 06-04. Specifically, _____.

☒ FEASIBILITY: The plan is not feasible in that it exceeds 60 months [11 U.S.C. § 1322(d)]. For feasibility, the Plan would require a monthly payment of <u>$719.00</u>.

☐ FIXED PAYMENTS: The plan either does not provide for equal monthly payments to secured creditors, or the fixed payments provided are so large that they cannot be met under the proposed monthly plan payment, while at the same time providing for administrative costs [11 U.S.C. § 1325 (a)].

☐ OMITTED CLAIM(S): The plan fails to provide for claims that should or must be specifically referenced in the plan [11 U.S.C. § 1322(a)(2), § 1322(b)(5), and/or § 1325(a)(5)]. Specifically, _____.

☐ UNFAIR DISCRIMINATION: The plan unfairly discriminates against or in favor of a class of general unsecured claims [11 U.S.C. § 1322(b)(1)]. Specifically, _____.

☐ LIQUIDATION: The Trustee believes that the plan does not provide general unsecured creditors with an amount equal to or greater than they would have received in a Chapter 7 liquidation proceeding [11 U.S.C. § 1325 (a)(4)], which is _____ or _____% of unsecured claims, whichever is greater, and the plan payment is increased to _____. Specifically, _____.

☐ DISPOSABLE INCOME/COMMITMENT PERIOD: The Trustee either does not believe or cannot determine if the Debtor(s) is/are devoting all of his/her/their projected disposable income in the applicable commitment period to the plan. Specifically, ____. The Trustee will not recommend confirmation of the plan of the Debtor(s) unless the plan payment is increased to ____ and/or the amount paid to unsecured creditors is increased to ____ or ____% of unsecured claims, whichever is greater.

☐ GOOD FAITH: The Trustee believes that the Debtor(s) has/have not offered the plan in good faith [11 U.S.C. § 1325(a)(3)]. Specifically, ____.
The Trustee will not recommend confirmation of the plan of the Debtor(s) unless the plan payment is increased to ____ and/or the amount paid to unsecured creditors is increased to ____ or ____% of unsecured claims, whichever is greater.

☐ WAGE ORDER: There is no wage order in place, as required by Administrative Order 05-4. Specifically, ____.

☒ OTHER: The Trustee does not believe the Debtor has sufficient income to fund a plan at $2,479.27, which is the amount the Trustee believes the debtor's plan payment was intended to be (the Debtor's budget shows only $606.36 per month available).
☐ OTHER: ____.
☐ OTHER: ____.

4.  This is an ongoing objection and is intended to be an objection to any subsequent plan filed by the Debtor(s).

5.  The Trustee reserves the right to amend and/or supplement this objection should additional information be provided.

WHEREFORE, the Trustee prays that this Court deny confirmation of the proposed plan for the foregoing reasons and requests that the case be dismissed.

/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268    Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

### CERTIFICATE OF SERVICE

I certify that on the 21st day of April 2008, copies of this Trustee's Objection to Confirmation were served electronically and/or by ordinary U.S. mail to the following:

Vernell C. Moore, Debtor
13005 Beachwood Ave.
Cleveland, OH 44105


Office of the United States Trustee
Howard M. Metzenbaum U.S. Court House
201 Superior Avenue
Room 441
Cleveland, Ohio 44114

/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)

CS/rlc
4/21/08